**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BECKER PROFESSIONAL DEVELOPMENT CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-12157-JEK<br><br>Hon. Julia E. Kobick |

**JOINT SUPPLEMENTAL STATEMENT**
**IN RESPONSE TO THE COURT'S JANUARY 30, 2026 ORDER**

Plaintiff Michael Garcia and Defendant Becker Professional Development Corporation, by and through undersigned counsel, respectfully submit this Joint Response to the Court's January 30, 2026 Order (ECF No. 33).

The Parties have reviewed the authorities that the Court requested. ECF No. 33 (citing *Sec. & Exch. Comm'n v. Gastauer*, 93 F.4th 1 (1st Cir. 2024); *Plixer Intl, Inc. v. Scrutinizer GmbH*, 905 F.3d 1 (1st Cir. 2018)). As further explained below, the Parties agree that the nationwide-contacts principle referenced in those cases involving foreign defendants does not displace the framework under Federal Rule of Civil Procedure 4(k)(1) that controls where, as here, the federal statute is silent on nationwide service and Rule 4(k)(2) does not apply.

Personal jurisdiction may derive either from a forum state's long-arm statute (Fed. R. Civ. P. 4(k)(1)(A)) or from a federal statute that expressly authorizes nationwide service of process (Fed. R. Civ. P. 4(k)(1)(C)). Where the federal statute is silent on service—as the VPPA is—courts apply the forum state's long-arm statute, and exercise of jurisdiction must comport with the Fourteenth Amendment's due process limits. *See Motus, LLC v. CarData Consultants, Inc.*, 23

F.4th 115, 121 (1st Cir. 2022); *Kahoot! AS v. CPDLive Pty Ltd.*, No. CV 25-11783-BEM, 2025 WL 2785102, at *2 (D. Mass. Sept. 30, 2025); *Jorge v. Adler*, No. 3:22-CV-30075-KAR, 2023 WL 1421595, at *3 (D. Mass. Jan. 31, 2023) (copyright claim; noting where the statute is silent, a court "must conduct the same personal jurisdiction inquiry as in a diversity case, focusing on the defendant's contacts with Massachusetts rather than with the United States as a whole").

In contrast, Rule 4(k)(2) is a distinct, limited basis for jurisdiction that permits assessment of nationwide contacts under the Fifth Amendment. It applies only when (1) the claim arises under federal law; (2) no situation-specific federal statute supplies service; and (3) the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction." *See Motus*, 23 F.4th at 121-122, 126-127.

*Gastauer* and *Plixer* both involved international defendants who were therefore "not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2). In *Gastauer*, the defendant was "a German citizen who resides in Germany." 93 F.4th at 4. In *Plixer*, the defendant was "a German corporation with its principal place of business in Kassel, Germany." 905 F.3d at 4. Accordingly, Rule 4(k)(2) applied in those cases, and jurisdiction was properly assessed based on the defendants' "contacts with the United States as a whole, rather than with a particular state." *Gastauer*, 93 F.4th at 8 (cleaned up).

Here, by contrast, Becker is a Delaware corporation with its principal place of business in Missouri. Compl. ¶ 75. Because Becker is subject to general jurisdiction in both Delaware and Missouri,-Rule 4(k)(2) is unavailable. Plaintiff must therefore establish this Court's specific personal jurisdiction over Becker based on Becker's connections with Massachusetts alone, not the entire United States. *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016) ("Specific jurisdiction allows a court to hear a particular case as long as that

case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum.") (cleaned up); *Kuan Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 55 (1st Cir. 2020) (same).

Accordingly, the Parties respectfully submit that Becker's contacts with the United States as a whole are not relevant to whether this Court may exercise personal jurisdiction over Becker. The controlling inquiry focuses solely on Becker's connections with Massachusetts.

Dated: February 12, 2026

By: */s/ Max S. Roberts*
Max S. Roberts

**BURSOR & FISHER, P.A.**
Yitzchak Kopel (BBO #716245)
Max S. Roberts (BBO #718031)
Victoria X. Zhou (*Pro Hac Vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: ykopel@bursor.com
mroberts@bursor.com
vzhou@bursor.com

*Attorneys for Plaintiff*

Respectfully submitted,

By: */s/ Tony K. Lu*
Tony K. Lu

**DENTONS US LLP**
Tony K. Lu (BBO #678791)
101 Federal Street, Suite 1900
Boston, Massachusetts 02110
Tel: (617) 235-6817
tony.lu@dentons.com

Kristen C. Rodriguez (*Pro Hac Vice*)
Rebecca Hughes Parker (*Pro Hac Vice*)
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com

Lyndsey M. Wajert (*Pro Hac Vice*)
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Tel: (312) 876-8000
lyndsey.wajert@dentons.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I electronically filed the foregoing document with the Court's CM/ECF system, which will provide e-mail notice to all counsel of record.

By: *<u>/s/ Max S. Roberts</u>*
Max S. Roberts