**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BECKER PROFESSIONAL DEVELOPMENT CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-12157-JEK |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Becker Professional Development Corporation ("Becker") respectfully submits this Notice of Supplemental Authority to alert the Court to a recent decision directly relevant to the pending Motion to Dismiss. (ECF 19).

On February 6, 2026, Judge Nathaniel M. Gorton issued a Memorandum and Order in *Cartagenova v. Dotdash Meredith, Inc.*, No. 25-11638-NMG (D. Mass. 2026) (attached as Exhibit A), granting the defendant's motion to dismiss a Video Privacy Protection Act ("VPPA") putative class action for lack of personal jurisdiction, concluding that the court lacked both general and specific personal jurisdiction over the defendant under the Due Process Clause.

In *Cartagenova*, the plaintiffs brought VPPA claims against Dotdash Meredith, Inc. ("DDM"), a digital and print publishing company incorporated in Delaware and headquartered in New York. DDM did not own real estate, maintain offices, or publish any Massachusetts-specific content. DDM estimated that approximately 2.1% of its overall revenue emanated from customers residing in Massachusetts for tax purposes.

Regarding general jurisdiction, the *Cartagenova* court held that the small revenue percentage attributable to Massachusetts was insufficient to render the defendant "at home" in Massachusetts. The court distinguished *Rancourt v. Meredith* Corp., 2024 WL 381344 (D. Mass. Feb. 1, 2024), explaining that *Rancourt* involved specific revenue tied to specific claims, whereas in *Cartagenova*, the 2.1% figure represented generalized total company revenue.

Regarding specific jurisdiction, the *Cartagenova* court held that the plaintiffs failed to establish purposeful availment because the defendant's contacts with Massachusetts—hosting nationally-accessible websites and sending free newsletters to Massachusetts email addresses—were insufficient. The *Cartagenova* court further explained that even if such contacts were voluntary, the defendant could not "reasonably anticipate being haled into court in Massachusetts" because the plaintiffs failed to allege that DDM "actively or purposefully directed any activity to Massachusetts." The Court concluded: "To exercise jurisdiction over DDM under such circumstances would allow every other state to do the same and would overwhelm constitutional limitations on the exercise of personal jurisdiction." (quotation omitted).

Finally, the *Cartagenova* court again rejected the plaintiffs' reliance on *Rancourt*, distinguishing that case because it involved "GPS tracking, location-based advertising and state-based revenue generation" contacts that were "both related to the claims at issue and sufficient to establish purposeful availment."

Dated: February 19, 2026

Respectfully submitted,

BECKER PROFESSIONAL DEVELOPMENT CORPORATION

By its attorneys,

/s/ *Tony K. Lu*
Tony K. Lu (BBO# 678791)
DENTONS US LLP
101 Federal Street
Suite 1900
Boston, Massachusetts 02110
Tel: (617) 235-6817
tony.lu@dentons.com

Kristen C. Rodriguez (*admitted pro hac vice*)
Rebecca Hughes Parker (*admitted pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
rebeccahughes.parker@dentons.com

Lyndsey M. Wajert (*admitted pro hac vice*)
DENTONS US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL 60606
Tel: (312) 876-8000
lyndsey.wajert@dentons.com

**CERTIFICATE OF SERVICE**

I certify that on February 19, 2026, I caused to be filed electronically a true copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

/s/ *Tony K. Lu*